## In re SUGGESTED CHARGE TO GRAND JURY.

Circuit Court, St. Lucie County.

1963.

WALLACE SAMPLE, Circuit Judge.

*Explanatory note:* This general charge to the grand jury has been compiled and drafted in such manner that the individual presiding judge may —

(1) delete those portions he deems non-essential for each particular occasion, without lessening the overall effect, and

(2) insert special charges, as required, without disrupting the sequence.

Related subjects have been grouped together under appropriate titles. The numbering of each paragraph makes for easier revisions, deletions and additions.

It is a fairly comprehensive charge, but not all inclusive. Within its framework will be found all the necessary basic elements needed to charge a grand jury in any county in the state of Florida.

Legislation concerning grand juries has been enacted which does not affect all counties of the state, particularly with reference to the total number of jurors and the establishment of jury commissions. Such legislation has not been given consideration here but provision therefor may be added in those counties where needed.

Citations are not included because the Florida decisions on the subject, as in many other jurisdictions, are not so numerous as to preclude complete review by any individual interested in the subject. With few exceptions all passages have their basis in the statutory or case law of Florida.

To assure a practical approach in the drafting of the charge, some thirty circuit judges throughout the state were contacted and charges secured from most of them for examination and study. In most cases their charges are representative of those used by other judges in their circuit. They vary considerably in length, scope and content; however, practically all have some features in common. Effort has been made to include herein the better features of each.

Justice Elwyn Thomas of the Supreme Court and Judge A. O. Kanner of the District Court of Appeal, Second District, whose combined judicial experience totals 29 years at the trial level and 31 years at the appellate level, kindly reviewed a preliminary draft of the charges and contributed many thoughtful and constructive suggestions which were included in the final draft.

## SUGGESTED CHARGE TO GRAND JURY

### 1 — PRELIMINARY STATEMENT

1.1)     You (Number) (ladies and) gentlemen constitute the Grand Jury of the County of_____for this term of Court. The time during which you will serve begins today and will continue until the 1st (2nd, 3rd, 4th, last) Monday (Tuesday) in (Month). During this period you are subject to being recalled as and when circumstances may require reconvening the Grand Jury; otherwise your sessions will be limited to consideration of matters to be presented to you at this time.

1.2)     Before you begin your work, it is necessary that you have a thorough understanding of the duties and functions of the Grand Jury and the power which now reposes in you. Further, you should fully understand that the enormous power vested in the Grand Jury carries equally grave and profound responsibility to see that this power is not abused, in any manner whatsoever.

1.3)   Your duties are those of an independent inquisitorial and investigative body — both as to criminal matters and civil matters. You are responsible to no one except the Court itself.

1.4)   There is no greater deterrent to evil and corruption than the inquiring mind and searching eye of a Grand Jury; and, it is universally recognized that in time of peace no citizen assumes a more responsible duty of citizenship than a Grand Juror. No other group of citizens exercises functions more vital to the administration of law and order.

1.5)   The Grand Jury system has come down to us through history; its effectiveness and its value to free people have been proven beyond doubt during the 700 years of its existence. The Grand Jury is the guardian of all that is comprehended in the police power of the state.

1.6)   The Grand Jury is both a sword and a shield in the hands of the people — it is a sword because the power of a Grand Jury strikes terror in the hearts of those who violate the law — and it is a shield because it has the power, and it has the duty, to protect the innocent against persecution.

1.7)   You will find your service as a Grand Juror to be a wholesome, satisfying and rewarding experience, for by it you will participate directly in the administration of justice. You will also, if the Grand Jury so directs, have an opportunity to inquire into, and examine and investigate, all phases of civil administration and local government. Such responsibility and opportunity to render public service should bring forth your most whole-hearted and conscientious efforts — and I know it will — for such is one of the keystones of our democracy; that is, citizens from every walk of life, like you, are called into service to exercise their honest convictions and honest judgment in the administration of justice and the affairs of the government freely, unhampered and without any restraint whatever — except as the Grand Jury is surrounded by the limitations and requirements of the law itself.

1.8)   The importance of your work as the Grand Jury of this County must be realized by each of you, and kept in mind at all times during your investigations and deliberations.


## 2 — CRIMINAL INSTRUCTIONS

2.1)   One of the safeguards of our system of justice is the constitutional provision which provides that no person may be tried for a capital crime except on presentment and indictment by a Grand Jury. A capital crime is one which is punishable by death.

2.2)   The function of the Grand Jury in the investigation of crimes is to determine whether there is sufficient evidence to justify an indictment against the accused person.

2.3)   It is **not your province** to try the case and determine the guilt or innocence of the accused, and you are not expected to do so.

**2.4)**  The guilt or innocence of the accused is determined by a trial (petit) jury empanelled specially to try each case. That jury hears all the evidence, on both sides, under the supervision of the trial judge, in the presence of the accused and his counsel, and renders a verdict only after counsel for the accused has had an opportunity to argue the case to the jury, and the trial judge has charged the jury specially on the law applicable to the case. Thus, or in this manner, are all the constitutional rights of the accused protected and preserved.

**2.5)**  **It is your duty** to ascertain whether there is "probable cause" a crime has been committed by the person so accused, and if the evidence is sufficient to constitute "probable cause" then it is your duty to find a "true bill" which, when it is properly returned in open Court, becomes the "indictment" upon which a trial may be held.

**2.6)**  "Probable cause", which must be shown to your satisfaction before you should vote to return a "True Bill", has been defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a particular person is guilty of a particular crime".

**2.7)**  As to the degree of proof necessary before you should vote in favor of returning "A True Bill", I have just stated that if you find probable cause to exist that one has violated the law, then you should vote for returning "A True Bill". There may be instances when it seems probable that a crime has been committed, and yet you feel that the man is not guilty or feel that there is considerable doubt in your minds as to his guilt. In such a case you should vote not to return "A True Bill" for when you only hear one side of a case — the State's side — and do not hear the defendant's story — and there is considerable doubt in your minds as to the guilt of the alleged defendant, certainly the State cannot convince a petit jury on the trial, of the guilt of the accused beyond a reasonable doubt, where that jury hears the defendant's story which is obviously and usually favorable to the defendant. Of course, you do not have to follow this rule if the State has other or better evidence than can now be placed before you, and which probably could be placed before a petit jury.

**2.8)**  **When so justified it is your solemn duty to cause the accused person to be indicted; likewise, when an indictment is not justified it is your solemn duty to clear the accused person by returning a "No True Bill".**

**2.9)**  Although you have the authority to do so, it is the advice of the Court to the Grand Jury not to investigate criminal matters other than capital cases unless they are of such public importance as in your judgment justify the additional time and expense of investigation by the Grand Jury. The final decision, of course, rests with you.

## 3 — CIVIL INSTRUCTIONS

3.1)   The primary function of the Grand Jury is not limited, in any sense, to matters of a criminal nature. The broad power of the Grand Jury includes power to make inquiries into civil administration, regardless of whether criminal, or irregular, conduct is charged; — power to investigate whether or not a public office is being conducted according to law and good morals; — power to investigate the conduct of public affairs by public employees and officials, regardless of what delinquency may be charged; — and power to inquire whether such officials are incompetent or lax in the performance of the duties imposed on them.

3.2)   In general, the Grand Jury may not only investigate every offense which affects the morals, health, sanitation, and general welfare of the County, but it may, **and it should,** also inquire into matters of governmental administration including county institutions, buildings, offices and officers and make due presentment concerning their physical, sanitary, and general conditions.

3.3)   In view of the statement just made, a word of caution is in order here.

3.4)   A Grand Jury investigation may not be made the tool of a designing group or bloc in order to oppress some individual or pry into his personal affairs. Promiscuous indictments, or indictments grounded on street rumors, — or common gossip, — will not be permitted. A Grand Jury shall not single out persons in civil or official position for purposes of censure, or to impugn their motives; or by word, imputation, or innuendo, hold them up to scorn or criticism. It would be improper and unlawful to present with words of censure, or reprobation, a public official or any other person by name **without presenting him for indictment.**

3.5)   However, you are given to understand the Grand Jury may make a fair report on its findings, even though the report incidentally reflects negligence or incompetence on the part of the public official or officials responsible for undesirable conditions.

3.6)   Where an investigation is authorized there are no limitations on the Grand Jury telling the truth about what it finds, and the scope of the report of the Grand Jury and its recommendations depend on the circumstances uncovered.

3.7)   Grand Jury investigations of civil matters or the affairs of local government are not uncommon. They are necessary and desirable and seldom fail to produce some good result. The searching eye and the inquiring mind of the Grand Jury are the greatest deterrent to evil and corruption we have under our democratic processes; and no public official, officer, employee or public board, commission or agency is above, or beyond the reach of the Grand Jury. No person in public life who conducts his public work in a proper manner and according to law has any reason to fear the Grand Jury; and you should not hesitate to call any public official or employee before you.

3.8)    "An ounce of prevention is worth a pound of cure" is an old saying which is most appropriate when applied to the work of the Grand Jury. The Court strongly and urgently recommends that you give careful and serious consideration to **all phases** of **all portions** of this Charge which pertain to civil investigations. Having done so, you should act according to the dictates of your own conscience and only in the best interest of the citizens of this county.

# 4 — PROCEDURE

4.1)    The officers of the Grand Jury are the Foreman and Vice-Foreman (both appointed by the Court) and Clerk (appointed by the Foreman). The duties of the Foreman are to (1) preside over your sessions; (2) administer the oath to witnesses and (3) keep a list of all witnesses. The Vice-Foreman shall act in the absence of the Foreman. The Clerk shall keep minutes of all your proceedings.

4.2)    The Foreman shall return to the Court a list, under his hand, of all witnesses who shall have been sworn before the Grand Jury; and the Clerk, when the Grand Jury so directs, shall deliver the minutes to the (Assistant) State Attorney.

4.3)    The (Assistant) State Attorney is your legal adviser on all matters that come before the Grand Jury. It is your duty to accept his advice, and to give it careful consideration. He (one of them) should be present at all times when you are making investigations for the purpose of interrogating witnesses, and administering oaths.

4.4)    Every Grand Jury shall consist of not less than 15 nor more than 18 persons. At least 15 members of the Jury must be present at all times, and the affirmative vote of not less than 12 of those present is necessary to the finding of any indictment, presentment or report. The Grand Jury can take no action whatever unless at least 15 are present.

4.5)    It is within your province to recess from day to day, and week to week, to meet the conditions which you may encounter in the performance of your duties. You are reminded, however, that the terms of Court are limited, and the time within which the Grand Jury can act is likewise limited, and it is therefore important that your work be performed diligently and in as short a time as is compatible with proper attention to the work before you.

4.6)    It is the duty of the Court not only to charge the Grand Jurors concerning their duties after they are sworn, but also it is the duty of the Court to advise the Grand Jurors at all reasonable times regarding their legal duties, when requested by them. Therefore you should call upon the Court for assistance at any time you feel it necessary.

4.7)    You may call for the services of one of the Official Court Reporters.

4.8)    The Court Reporters are officers of the Court and, like you, are sworn to secrecy. The law requires that their notes, stenographic records and any transcripts thereof be impounded and sealed when your work is finished. Their notes may not be transcribed, except upon order of some competent Court or the Grand Jury itself, and if ordered transcribed, are not subject to inspection by any person other than the (Assistant) State Attorney and the Grand Jurors, except upon order of the Court.

4.9)    The decision to have a Court Reporter present during your sessions is for you to make upon the advice of the (Assistant) State Attorney; however, the Court recommends you give this due consideration, compatible with the nature of the work before you.

4.10)   If it becomes necessary, you are also authorized to secure the services of a qualified interpreter of a foreign language.

4.11)   A bailiff will be made available by the Sheriff's Department upon your request.

4.12)   Should it occur that a Grand Juror is related, by blood or marriage, to any person being investigated by the Grand Jury, the Grand Juror may (1) excuse himself, or (2) be excused by the Court, or (3) be excused by majority vote of the other members of the Grand Jury from participating in such investigation, deliberations or voting. Should this occur the Court should be advised.

4.13)   (Note: Because of its importance paragraph 5.5 might well be included also in this section on Procedure.)


5 — SECRECY AND INDEPENDENCE

5.1)    The Grand Jury has two qualities which are indispensable — two qualities without which it could not operate effectively and without which the Grand Jury system could not survive — those qualities are **independence** and **secrecy.**

5.2)    The **independence** of the Grand Jury has already been referred to. It is responsible to no one **except** the Court itself. **Secrecy** guarantees the Grand Jury freedom from restraint, and impartiality in its decisions. No one, and I repeat — no one — can tell the Grand Jury what to do, or what not to do. So long as the Grand Jury acts within the law even the Court itself cannot restrain or restrict it. **The Grand Jury has full authority to conduct investigations on its own initiative.**

5.3)    The law gives a Grand Juror complete immunity for his official acts within the authority of the Grand Jury; except,

of course, where the Grand Juror himself is guilty of improper or illegal conduct.

5.4)     While the Grand Jury is hearing testimony or otherwise receiving evidence, no other persons except the (Assistant) State Attorney, (the Court Reporter, an interpreter,) and the witness being interrogated may be in the room.

5.5)     **While you are deliberating and voting absolutely no one except the members of the Grand Jury may be in the room.**

5.6)     Secrecy and fidelity are required of every individual member of the Grand Jury — and all are reminded that severe penalties may be imposed on any Grand Juror who violates his oath, or these instructions. The law forbids outsiders from taking any part whatever in the deliberations of the Grand Jury, from exerting any illegal or corrupt interference, from attempting to bring to bear any outside influence to control or sway the Grand Jury's action, from wrongfully attempting to obtain information from a grand juror or from attempting to tamper with the Grand Jury in any manner. Severe penalties will be imposed on an outsider who is guilty of any such conduct, and any attempt of this nature should be reported immediately to the Court.

5.7)     You are authorized to direct personnel of the Clerk's Office and Sheriff's Department to keep secret the name of any person who is to be, or who has been, subpoenaed to appear before you. You will find it advisable, and at times imperative, to maintain absolute secrecy in this respect.


# 6 — JURY FUNCTIONS AS A WHOLE

6.1)     Any personal information which any of you may have individually, or information of interest to the Grand Jury which may be brought to the attention of any of you individually, should be referred immediately to your Foreman, or to the (Assistant) State Attorney for presentation to the Grand Jury as a whole.

6.2)     The law specifically states that if a Grand Juror knows or has reason to believe that an indictable offense, tryable in this County, has been committed, he shall declare such fact to his fellow Jurors who shall investigate it.

6.3)     No one of you, or group of you, acting independently or on your own initiative may make, or attempt to make, any investigation whatever — not made by the Grand Jury as a whole.

6.4)     Individually you may only receive such information, and upon receiving it you shall report it immediately to your Foreman or the (Assistant) State Attorney.

## 7 — CHILD LABOR LAWS; ELECTIONS; SUBVERSIVE ACTIVITIES LAW

7.1)    CHILD LABOR LAWS: Under the law it is mandatory that the Court specially charge the Grand Jury, and the Court does now so charge you, to investigate alleged violations of the Child Labor Laws.

7.2)    ELECTIONS: The Grand Jury shall, upon the request of any candidate or qualified voter, make special investigation when it convenes during a campaign preceding any election day to determine whether there shall be any violation of the election code, and shall return indictments when sufficient ground is found.

7.3)    SUBVERSIVE ACTIVITIES LAW: The subversive activities law makes it unlawful for any subversive organization or foreign subversive organization to exist or function in this state. You are advised that the Court, when properly informed by the Attorney General or when it appears appropriate in the discretion the Court, shall charge the Grand Jury to inquire into violations of the Subversive Activities law for the purpose of proper action, and further to inquire generally into the purposes, processes and activities and any other matters affecting communism or any related or other subversive organizations, associations, groups or persons. The Court therefore charges you that should you have any information or belief concerning violations of the Subversive Activities Law you will report your information or belief to the Court immediately.

## 8 — OATH

8.1)    I want to call your attention further to the oath that each of you has just taken. The oath is prescribed by law, and it contains in very simple terms the solemn obligation by which you are bound, and which you must observe in every respect. It contains no superfluous words, and it means exactly what it says.

8.2)    The oath is that "You, as Grand Jurors for the body of this county of_____do solemnly swear (or affirm, as the case may be) that you will diligently inquire, and true presentment make, of all such matters and things as shall be given you in charge; the counsel of the State of Florida, your fellows and your own, you shall keep secret, unless required to disclose the same by some competent Court".

8.3)    This portion of the oath that has reference to secrecy is most important and cannot be over-emphasized. I charge you now that you shall not, under any circumstances, discuss these matters unless you are released by some competent Court. Your vote shall never be made known; — the opinion expressed by any of you on any matter shall never be made known; — and the testimony given before you shall not be made known, unless you are released by some competent Court. **This is binding upon you for all times.**

8.4)    The oath follows, in conclusion, "You shall present no man for envy, hatred, or malice, neither shall you leave any man unpresented for love, fear, favor, affection, reward, or the hope thereof, but you shall present things truly as they come to your knowledge, according to the best of your understanding. So help you God."

8.5)    Like the Grand Jury system itself this oath is of ancient vintage; and, in substance it is the same as that administered to Grand Juries under the ancient common law. It is near perfect, and it contains the rule and high standard of fearless and impartial justice which will govern you in your service as a Grand Jury of this County. It is just as appropriate today as it has been in times long past.

9 — CONCLUSION

9.1)    Those, gentlemen, constitute the (general) charges which are given to the Grand Jury as to its duties and the manner of conducting its work; those are the Court's charges to you, and those charges you are to follow.

10 — APPOINTMENTS

10.1)    The Court appoints Mr._____as Foreman, and Mr._____as Vice-Foreman. The Foreman will appoint the Clerk and advise the Clerk of this Court his name so it may be entered in the Court minutes.

        You may now retire to the Grand Jury Room.

10.2)                    **Alternate Procedure**

        The law requires the Court to appoint a Foreman and Vice-Foreman; however, I'm going to let you make the nominations, and you may now retire to the_____room to commence your labors. Your first duty upon retiring will be to nominate a Foreman and Vice-Foreman. Advise me of their names and I will appoint them officially. The Foreman's first duty will be to appoint a Clerk and advise me his name so it may be entered in the Court minutes.